UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7325** |
| **CRIMINAL DISTRICT COURT ORLEANS PARISH** | **SECTION "G"(4)** |

## ORDER AND REASONS

Before the Court are Petitioner Kevin Wilson's ("Wilson") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Wilson, a state prisoner incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that this Court dismiss the petition with prejudice because it was not timely filed.[4] Wilson objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the motion, the State's response, the Magistrate Judge's Report and Recommendation, Wilson's objections, the record, and the applicable law, the Court overrules Wilson's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

---

[1] Rec. Docs. 12, 13.

[2] Rec. Doc. 11.

[3] Rec. Doc. 3.

[4] Rec. Doc. 11.

[5] Rec. Docs. 12, 13.

1

# I. Background

*A.     Factual Background*

On November 28, 2018, Wilson was charged by a Bill of Information in the Orleans Parish Criminal District Court with one count of simple burglary.[6] On November 5, 2019, Wilson entered a plea of guilty to simple burglary and was sentenced by the state trial court to serve 12 years in prison.[7] At the same hearing, the State filed a multiple offender bill charging Wilson as a second felony offender.[8] Wilson immediately pleaded guilty to the multiple offender bill, and the state trial court revoked the prior sentence and resentenced Wilson to serve 12 years in prison at hard labor without benefit of probation or suspension of sentence.[9] Wilson's conviction and sentence became final 30 days later, on December 5, 2019, because he did not seek reconsideration of the sentence or move for leave to appeal.[10]

On July 10, 2020, Wilson filed an application for post-conviction relief to the state trial court.[11] On July 29, 2020, the state trial court denied the application as meritless.[12] On September 24, 2020, the Louisiana Fourth Circuit Court of Appeal denied Wilson's related writ application

---

[6] Rec. Doc. 7-1 at 37 (Bill of Information).

[7] *Id.* at 7 (Plea and Sentencing Minutes).

[8] *Id.* at 35 (Multiple Offender Bill).

[9] *Id.* at 7–8 (Plea and Sentencing Minutes).

[10] La. Code Crim. P. art. 914; *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

[11] Rec. Doc. 7-3 at 20–38 (Application for Post-Conviction Relief).

[12] *Id.* at 13–15 (Trial Court Judgment).

without stated reasons.[13] On March 16, 2021, the Louisiana Supreme Court also denied Wilson's writ application.[14]

More than two years and seven months later, on October 23, 2023, Wilson submitted a Uniform Motion to Correct an Illegal Sentence to the state trial court, alleging that his sentence was illegal because the bill of information did not include the name of the victim or all elements of the offense charged.[15] On October 31, 2023, the state trial court denied the motion as meritless and noting that Wilson had already exhausted his avenues of post-conviction collateral review.[16] On December 14, 2023, the Louisiana Fourth Circuit granted Wilson's related writ application and denied relief.[17] The Louisiana Fourt Circuit found that Wilson's motion was a second application for post-conviction relief which was successive under Louisiana Code of Criminal Procedure article 930.4 and otherwise untimely under Louisiana Code of Criminal Procedure article 930.8.[18] Wilson did not seek review of this ruling from the Louisiana Supreme Court.

On December 11, 2023, Wilson filed a petition for writ of habeas corpus in this Court.[19] The original filing was marked deficient by the Clerk of Court.[20] Wilson cured the deficiencies, and the petition was accepted for filing on January 8, 2024.[21] Wilson filed a supplemental brief on

---

[13] *Id.* at 1 (4th Cir. Order, 2020-K-0464).

[14] *State v. Wilson*, 312 So. 3d 1088 (La. 2021); Rec. Doc. 7-6 at 1–2.

[15] Rec. Doc. 7-4 at 13–18 (Uniform Motion to Correct an Illegal Sentence).

[16] *Id.* at 9–10 (Trial Court Judgment).

[17] *State v. Wilson*, No. 2023-K-0762, 2023 WL 8641929, at *2 (La. App. 4th Cir. Dec. 14, 2023); Rec. Doc. 7-4 at 1–5 (4th Cir. Order, 2023-K-0762).

[18] *Id.*

[19] Rec. Doc. 1.

[20] Rec. Doc. 2.

[21] Rec. Doc. 3.

February 1, 2024.[22] The State filed a response on February 5, 2024, arguing that the petition was not timely filed and state court review of the claims was not fully exhausted.[23] Wilson did not file a response to the State's opposition although he was given an opportunity to do so.

### B. *Report and Recommendation Findings*

The Magistrate Judge recommended that the petition be dismissed with prejudice as it was not timely filed.[24] The Magistrate Judge noted that under Subsection A of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[25] The Magistrate Judge determined that Wilson's conviction became final on December 5, 2019.[26] Wilson had until December 7, 2020 to file a federal habeas petition, unless the statute of limitations was extended through tolling.[27]

The Magistrate Judge examined statutory tolling under 28 U.S.C. § 2244(d)(2), which establishes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."[28] The Magistrate Judge noted the filing period ran without interruption for 217 days, until July 10, 2020, when Wilson filed a post-conviction relief.[29] The Magistrate Judge further noted that the one-year filing period was suspended during the

---

[22] Rec. Doc. 6.

[23] Rec. Doc. 5.

[24] Rec. Doc. 11.

[25] *Id*. at 7.

[26] *Id*.

[27] *Id.*

[28] *Id*.

[29] *Id*. at 9.

pendency of Wilson's state court proceedings through March 16, 2021, when the Louisiana Supreme Court denied his related writ application.[30] The period began to run again on March 17, 2021, and did so for the remaining 148 days without interruption through August 11, 2021, when it expired.[31] Therefore, the Magistrate Judge found Wilson's December 11, 2023 federal application to be untimely.[32]

Next, the Magistrate Judge considered whether Wilson is entitled to equitable tolling.[33] The Supreme Court has held that the AEDPA's statute of limitations may be equitably tolled where the petitioner shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[34] The Magistrate Judge noted that Wilson had not presented any basis for equitable tolling.[35] The Magistrate Judge also noted that a petitioner may overcome the AEDPA's statute of limitations by way of a claim of actual innocence, but Wilson did not allege such a claim.[36] Therefore, the Magistrate Judge concluded that Wilson's federal application is untimely, and recommended that the petition be dismissed with prejudice.[37]

---

[30] *Id*.

[31] *Id.*

[32] *Id.* at 10.

[33] *Id.*

[34] *Id*. (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[35] *Id*. at 11.

[36] *Id.* at 11 n.29.

[37] *Id.* at 12.

## II. Objections

In objection to the Report and Recommendation, Wilson asserts that he has not received a copy of the state record.[38] He also asserts that he could not have sought review of the Louisiana Fourth Circuit's December 14, 2023 ruling to the Louisiana Supreme Court because he did not receive a copy of the Louisiana Fourth Circuit's opinion.[39] Wilson also argues the merits of the Motion to Correct an Illegal Sentence that he filed in state court.[40] He argues that there is no time limitation for filing such a motion.[41]

In the supplemental objection filed, Wilson argues that the state trial court erred in failing to give him a competency hearing.[42] He requests that this Court remand the case to the Criminal District Court for the Parish of Orleans for a competency hearing.[43]

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[44] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[38] Rec. Doc. 12 at 1–2.

[39] *Id.* at 2.

[40] *Id.* at 3–4.

[41] *Id.* at 2.

[42] Rec. Doc. 13 at 1.

[43] *Id.* at 2.

[44] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[45] A district court's review is limited to plain error of parts of the report which are not properly objected to.[46]

## IV. Law and Analysis

*A.     AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[47]

The Magistrate Judge applied the limitation period established by Subsection A. Wilson does not object to this determination or argue that any other subsection should apply. Therefore, the Court considers whether the federal application is timely under Subsection A.

*B.     Timeliness Under Subsection A*

The Magistrate Judge found that the conviction became final for AEDPA purposes on December 5, 2019.[48] Again, Wilson does not object to this finding. Therefore, Wilson's one year-

---

[45] Fed. R. Civ. P. 72(b)(3).

[46] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

[47] 28 U.S.C. § 2244(d)(1).

[48] Rec. Doc. 24 at 5.

period for seeking federal *habeas corpus* review with respect to the prior convictions expired on December 7, 2020, unless that deadline was extended through tolling.

1.  **Statutory Tolling**

The AEDPA provides for statutory tolling throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[49] The Fifth Circuit "has adopted the 'narrow' view of the phrase 'properly filed application' in section 2244(d)(2), construing the phrase to require that the state post-conviction motion or petition comply with rules governing the time and place of filing."[50]

The AEDPA filing period began to run on December 6, 2019, the day after Wilson's conviction became final. The period ran without interruption for 217 days, until July 10, 2020, when Wilson filed his first state court post-conviction application. The AEDPA one-year filing period was suspended during the pendency of Wilson's state court proceedings through March 16, 2021, when the Louisiana Supreme Court denied his related writ application. The period began to run again on March 17, 2021, and did so for the remaining 148 days without interruption, until August 11, 2021, when the period expired. Therefore, the December 11, 2023 federal petition was filed two years and four months after the AEDPA one-year filing period expired on August 11, 2021.

2.  **Equitable Tolling**

The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would be otherwise untimely, the AEDPA's statute of limitations may

---

[49] 28 U.S.C. § 2255(d)(2).

[50] *Williams v. Cain*, 217 F.3d 303, 307 n.4 (5th Cir. 2000).

be subject to equitable tolling.[51] To establish entitlement to equitable tolling, a petitioner must show that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."[52] "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[53] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[54]

Wilson has not shown that any extraordinary circumstance prevented him from filing his petition within the limitations period. Construed broadly, Wilson appears to suggest that the State prevented him from filing because he did not receive a copy of the state record.[55] As an initial matter, this argument appears unfounded because Wilson attached portions of the state record to his application for post-conviction relief.[56] The lack of access to state court records by an inmate does not present the "rare and exceptional" circumstances that would warrant equitable tolling.[57]

---

[51] *Holland*, 560 U.S. at 645.

[52] *Id.* at 649 (internal citations and quotation marks omitted).

[53] *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (internal quotations and citation omitted).

[54] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[55] Rec. Doc. 12 at 2.

[56] Rec. Doc. 7-3 at 39–51.

[57] *See Tiner v. Treon*, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling); *Roughley v. Cockrell*, No. 01-11378, 2002 WL 1899622 (5th Cir. July 12, 2002) (unpublished) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, No. 99-40878, 2000 WL 1029201 (5th Cir. July 14, 2000) (unpublished) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records;

Wilson has not shown that the State actively misled him or prevented him from filing a timely federal habeas petition.

### 3. Actual Innocence

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[58] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[59] The Supreme Court has explained:

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[60]

Wilson does not argue that he is actually innocent of the crime for which he was convicted, nor does he present any new evidence to establish his innocence. Therefore, the "actual innocence" exception is not applicable here.

### V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kevin Wilson's objections are **OVERRULED**;

---

[58] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[59] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[60] *Schlup*, 513 U.S. at 329.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Kevin Wilson's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this __9th__ day of October, 2024.

                                                                **NANNETTE JOLIVETTE BROWN**
                                                                **CHIEF JUDGE**
                                                                **UNITED STATES DISTRICT COURT**